LYNNE BROWN, PLAINTIFF, v. JOSEPH L. BROWN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Ocean County

Decided October 2, 1987.

*Bernard A. Kannen* for plaintiff (*Bernard A. Kannen,* Attorney).

*Richard K. Sacks* for defendant (*Sharkey and Sacks,* Attorneys at Law).

ROSALIE B. COOPER, J.S.C.

By motion, plaintiff-wife seeks to reform and revise and thereafter have enforced that part of a property settlement

agreement establishing the percentage allocation of the value of the marital home.

The undisputed facts presented for consideration are surprisingly unique in precedential terms since the relief requested is based on a period of reconciliation. The parties were married in 1966 and divorced in 1979. The judgment incorporated the property settlement agreement which is in controversary. The parties reconciled within one to six months subsequent to the Final Judgment of Divorce, depending upon the factual contentions of the parties, and remained together until the fall of 1986. The parties never remarried, nor was there any application to modify the prior agreement until the motion under consideration was filed in March 1987. The parties did not consult an attorney during the period of reconciliation, relative to their rights and/or obligations under the property settlement agreement.

The marital home, which has remained in the names of plaintiff and defendant, was purchased in 1969 for $17,500 and was fully financed with a 7½%, thirty-year mortgage. At the time of the divorce $15,200 was owed on the mortgage. The parties have stipulated that the value of the house, at that time was between $30,000 and $32,000, the equity being $14,800 to $16,800.

The property settlement agreement provided that the house should be deeded to defendant and that he should pay plaintiff a total of $6,000 by way of payments of $2,000 per year for three years post divorce. Plaintiff's undisputed testimony is that she acceded to this division because defendant had agreed to pay the marital debts, half of which she felt were attributable to her. Defendant testified without contradiction that he paid $46,000 to $48,000 on account of those marital debts according to the agreement. Although defendant claims to have offered to pay plaintiff the $6,000 after the reconciliation, both parties agree that the money was never paid and further,

no deed was signed transferring plaintiff's share of marital domicile to defendant.

Defendant requests the court to order specific performance of the original agreement, incorporated in the judgment, *albeit*, conceding that the plaintiff is entitled to interest on the $6,000 payment. At oral argument defendant reluctantly agreed that through application of equitable principles the plaintiff might be entitled to somewhat more.

Both parties agree that plaintiff worked during the seven year reconciliation, sometimes two jobs at a time, and further undertook the cleaning and care of the home and children. It is further undisputed that plaintiff contributed at least some of her earnings to the household expenses, at a minimum, by way of purchase of food and clothing for the children, as well as by payment of some of the college expenses of the oldest child.

In the enforcement of property settlement agreements, the courts in the State of New Jersey look to the facts of each case and specifically enforce settlement agreements only to the extent that they are fair and equitable. *See Schlemm v. Schlemm*, 31 *N.J.* 557 (1960); *Smith v. Smith*, 72 *N.J.* 350, 360 (1977); *Lepis v. Lepis*, 83 *N.J.* 139, 148 (1980).

An examination of decisions in other jurisdictions has been unproductive since those which were found dealing with the subject matter or reconciliation, were predicated on a strict contractual basis in contradiction to application of equitable doctrines. For example, see the Kentucky case of *Peterson v. Peterson*, 583 *S.W.*2d 707 (Ky.Ct.App.1979). It is nevertheless interesting that the Supreme Court of Montana in the case of *Reilly v. Reilly*, 176 *Mont.* 239, 577 *P.*2d 840 (Mont.Sup.Ct. 1978) held that the contributions of the wife during the period of reconciliation should be considered.

Applying equitable principles, the court in the case of *Schiff v. Schiff*, 116 *N.J.Super.* 546 (1971) stated:

The remedy of specific performance is discretionary, resting in equitable principles. The party asking the aid of the court must stand in conscientious

relation to his adversary. His conduct in the matter must have been fair, just and equitable, not sharp or aiming at unfair advantage. The relief must not be harsh or oppressive. His claim must be equitable. *Stehr v. Sawyer*, 40 *N.J.* 352, 357 (1963). The remedy of specific performance is not an absolute one. It is in large measure discretionary, resting on equitable principles to be applied upon a consideration of all the circumstances of the particular case. A judgment granting specific performance need not be unqualified in form. In the exercise of sound judicial discretion it may be granted upon such terms and conditions as justice requires, even to the extent that the performance ordered is not identical with that promised in the agreement. [at 560; citations omitted]

It is the opinion of this court that the property settlement at bar should be modified to reflect both the contributions of the wife during the reconciliation and the payment by the defendant of the total marital debts per the agreement.

This can be done by recognizing that $6,000 was, at the time of the divorce, representative of 18% to 20% of the stipulated value of the property. The court finds that the parties have agreed that the present value of the property is $105,000. It is therefore ordered that the fair and equitable distribution of the property would require that the wife be paid 20% of the present value of the premises, or $21,000. This order is to be effected within 60 days.

Plaintiff's counsel is hereby directed to submit an order conforming with this opinion.